IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALVIN BANKS,<br>      Petitioner, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 21-CV-2579 |
| JAMIE SORBER, et al.,<br>      Respondents. | :<br>:<br>: |

# ORDER

**AND NOW,** this 27th day of February 2024, upon consideration of Petitioner Alvin Banks's "Petition for Writ of Habeas Corpus" (ECF No. 1), Respondent the District Attorney of Philadelphia County's "Response to Amended Petition for Writ of Habeas Corpus" (ECF No. 15), the Report and Recommendation of the United States Magistrate Judge Carol Sandra Moore Wells (ECF No. 18), and Petitioner's Objections to Report and Recommendation (ECF No. 19), it is hereby **ORDERED** that:

1. The Report and Recommendation (ECF No. 18) is **APPROVED AND ADOPTED**.

2. The petition for writ of habeas corpus is **DENIED.**

3. Petitioner's objections to the Report and Recommendation are **OVERRULED.**[1]

4. A certificate of appealability shall not issue.

BY THE COURT:

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**

---

[1] Local Rule of Civil Procedure 72.1(IV)(b) of this Court states that objections to a Report and Recommendation "must specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections." As such, "[w]here a petitioner's objections merely rehashes and reframes the underlying arguments set forth in their original petition, a court is not obligated to separately address any issue that was thoroughly and correctly analyzed by the magistrate judge." Evans v. Ransome, Civ No. 21-5474, 2024 WL 2207, at *13 (E.D. Pa. Jan. 2, 2024) (collecting cases).

Here, Petitioner does not point to a specific portion of the Report and Recommendation to which he objects. He merely restates several arguments previously raised in his petition, which were all thoroughly and correctly addressed by Judge Wells. Accordingly, I decline to conduct a de novo review of Petitioner's objections.